SUN COMPANY, INC. (R & M), a Delaware corporation, and Texaco, Inc., a Delaware corporation, Plaintiffs,

v.

BROWNING–FERRIS, INC., a Delaware corporation, et al., Defendants.

No. 94–C–820–K.

United States District Court, N.D. Oklahoma.

May 20, 1996.

William D. Perrine, John H. Tucker, Richard Warzynski, Rhodes Hieronymus Jones Tucker & Gable, Tulsa, OK, Benton T. Wheatley, Tulsa, OK, for Sun Company, Inc. (R & M), Texaco Inc.

Robert A. Franden, Feldman Hall Franden Woodward & Farris, Tulsa, OK, Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, Jonathan R. Haden, William G. Beck, L.J. Buckner, Jr., Lathrop & Gage, Kansas City, MO, for Browning–Ferris, Inc.

Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, J. Randall Miller, David P. Page, Lloyd W. Landreth, Gardere & Wynne, Tulsa, OK, for Atlantic Richfield Company.

Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, for Consolidated Cleaning Service Company, Inc.

Danny P. Richey, Pezold Richey Caruso & Barker, Tulsa, OK, Richard K. Holmes, Hanson, Holmes, Field & Snider, Tulsa, OK, for Apartment Container Service, Inc., Ross Scoggins, Odean Garrison.

Danny P. Richey, Pezold Richey Caruso & Barker, Tulsa, OK, Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, for Oil

Capitol Trash Service, Inc., Steve Richey, John D. Shipley.

Richard K. Holmes, Hanson, Holmes, Field & Snider, Tulsa, OK, Thomas M. Affeldt, Savage O'Donnell Scott McNulty Affeldt & Gentges, Tulsa, OK, for Tom Farris.

Michael D. Davis, Steven M. Harris, Doyle & Harris, Tulsa, OK, Richard K. Holmes, Hanson, Holmes, Field & Snider, Tulsa, OK, for Glenn E. Wynn, Jr.

Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, Terence P. Brennan, Terence P. Brennan Attorney at Law, Tulsa, OK, for Borg Industrials Group, Inc.

William C. Anderson, G. Michael Lewis, Russell W. Kroll, Doerner Saunders Daniel & Anderson, Tulsa, OK, Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, for Robert E. Sparks, Public Serv. Co. of Oklahoma.

Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, Lisa S. Zebovitz, Waste Management, Inc., Senior Environmental Counsel, Oak Brook, IL, Robert Gist, Oklahoma City, OK, Matthew Livingood, Tulsa, OK, for Waste Management of Oklahoma, Inc.

Ronald D. Cates, Tulsa, OK, Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, for City of Sand Springs.

Randall G. Vaughan, J. Warren Jackman, Pray Walker Jackman Williamson & Marlar, Tulsa, OK, G. Lawrence Fox, Tulsa, OK, for Bank IV Oklahoma, NA.

Michael D. Davis, Steven M. Harris, Doyle & Harris, Tulsa, OK, for Stan P. Doyle.

Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, Richard Carpenter, Philip McGowan, Carpenter Mason & McGowan, Tulsa, OK, for Mid–America Stockyards, Inc.

. Gerald G. Stamper, Nichols Wolfe Stamper Nally & Fallis Inc., Tulsa, OK, Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, for Cowen Construction, Inc., National Tank Co., Beverage Products Corp.

Gerald G. Stamper, Nichols Wolfe Stamper Nally & Fallis Inc., Tulsa, OK, Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa,

OK, Charles M. Sublett, Sublett & Shafer, Tulsa, OK, for Peevy Construction Co., Inc.

Charles O. Hanson, Richard K. Holmes, Hanson, Holmes, Field & Snider, Tulsa, OK, for Empire Roofing & Insulation Co.

Robert L. Roark, John S. Gardner, McKinney Stringer & Webster, Oklahoma City, OK, Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, Patrick H. Kernan, McKinney Stringer & Webster, Tulsa, OK, Robert L. Dysart, Bess & Dysart PC, Phoenix, AZ, for Union Carbide Corp.

Darrell E. Williams, Clark & Williams, Tulsa, OK, Richard K. Holmes, Hanson, Holmes, Fields & Snider, Tulsa, OK, for Crain Displays & Exhibits, Inc.

Richard K. Holmes, Hanson, Holmes, Fields & Snider, Tulsa, OK, Rodney A. Edwards, Tulsa, OK, for Carnes Bros Construction Co.

Dwight L. Smith, Jeffrey G. Levinson, Levinson & Smith, Tulsa, OK, Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, for Bankoff Oil Co., Inc.

William C. Anderson, G. Michael Lewis, Russell W. Kroll, Doerner Saunders Daniel & Anderson, Tulsa, OK, Richard K. Holmes, Hanson, Holmes, Fields & Snider, Tulsa, OK, Brent W. Schindler, Dow Chemical Company, Midland, MI, for Dow Chemical Company.

Richard Casey Cooper, R. Kevin Layton, Boesche McDermott & Eskridge, Tulsa, OK, Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, for Sun Chemical Corporation.

James C. Hodges, Kevin H. Wylie, Eller & Detrich, Tulsa, OK, Richard K. Holmes, Hanson, Holmes, Fields & Snider, Tulsa, OK, for Anchor Painting Mfg. Co.

Richard K. Holmes, Hanson, Holmes, Fields & Snider, Tulsa, OK, Phil Frazier, Frazier, Smith & Phillips, Tulsa, OK, for Langston Contractors, Inc.

Samuel Thomas Allen, III, Loeffler, Allen & Ham, Sapulpa, OK, Richard K. Holmes, Hanson, Holmes, Fields & Snider, Tulsa, OK, for Petroleum Contractors Corporation.

Richard Casey Cooper, R. Kevin Layton, Boesche McDermott & Eskridge, Tulsa, OK, Richard K. Holmes, Hanson, Holmes, Fields & Snider, Tulsa, OK, for Ozark Mahoning Co.

Lawrence D. Taylor, Tulsa, OK, Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, for Charles Forehand.

Michael D. Davis, Steven M. Harris, Doyle & Harris, Tulsa, OK, Richard D. Wagner, I. Michele Drummond, Wagner Stuart & Cannon, Tulsa, OK, Richard K. Holmes, Hanson, Holmes, Fields & Snider, Tulsa, OK, for Vacuum & Pressure Tank Truck Services, Inc.

Frederick C. Cornish, Miller Dollarhide Dawson, Tulsa, OK, Howard D. Perkins, Jr., Tulsa, OK, for Monte Shipley.

## ORDER

KERN, District Judge.

█ Now before this Court is the motion by Plaintiffs Sun Company, Inc. and Texaco, Inc. for reconsideration of this Court's Order of March 21, 1996. Plaintiffs' motion raises several issues of contention. Plaintiffs disagree with this Court's ruling that they are not entitled to bring an action under CERCLA § 107, 42 U.S.C. § 9607. And with respect to their remaining cause of action under CERCLA § 113, 42 U.S.C. § 9613, Plaintiffs take exception with the accrual rule devised by the Court for the statute of limitations.[1]

█ At the outset, this Court reaffirms its ruling that the Tenth Circuit has unequivocally decided the question of whether a CERCLA § 107 action is available to PRPs, such as Plaintiffs, seeking to reapportion response costs among other PRPs. In *United*

---

1. Plaintiffs also suggest in a footnote that this Court applied the wrong statute of limitations. Plaintiffs contend that the proper statute of limitations for their contribution action is six years, pursuant to § 113(g)(2)(B). As Defendants correctly point out, § 113(g)(2)(B) establishes a six-year statute of limitations for a § 107 action, which this Court determined is not available to Plaintiffs. Since Plaintiffs are limited to bringing a § 113 contribution action, they are subject to the three-year statutory period established in § 113(g)(3).

*States v. Colorado & Eastern Railroad,* 50 F.3d 1530, 1539 (10th Cir.1995), the Tenth Circuit foreclosed § 107 actions to such claimants, and this Court is duty-bound to follow the circuit, notwithstanding Plaintiffs' public policy arguments to the contrary. *United States v. Spedalieri,* 910 F.2d 707, 709 n. 2 (10th Cir.1990).

■ Plaintiffs are therefore limited to a CERCLA § 113 contribution action. This Court held that the three-year statute of limitations for Plaintiffs' § 113 contribution action accrued once they had paid more than their fair share of the common liability. Plaintiffs disagree. They advance an interpretation of CERCLA whereby the statute of limitations potentially would never accrue against PRPs, such as Plaintiffs, who incur response costs pursuant to a § 106 unilateral administrative order. In other words, under Plaintiffs' literal construction of the statute, CERCLA provides for a three-year statute of limitations for contribution actions that in some instances never begin to run.

This position is untenable in light of both general principles of law and the structure and purpose of the CERCLA statute. The Supreme Court has explained,

> Statutes of limitations ... represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that "the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Railroad Telegraphers v. Railway Express Agency,* 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944). These enactments are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise. *United States v. Marion,* 404 U.S. 307, 322, n. 14, 92 S.Ct. 455, 464, n. 14, 30 L.Ed.2d 468 (1971); *Burnett v. New York Central R. Co.,* 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965); *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945); *Missouri K. & T.R. Co. v. Harriman,* 227 U.S. 657, 672, 33 S.Ct. 397, 401, 57 L.Ed. 690 (1913); *Bell v. Morrison,* 1 Pet. 351, 360, 7 L.Ed. 174 (1828).

*United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979).

These principles clearly informed the drafting of CERCLA, which establishes specific and definite statutes of limitations for the various causes of actions available under its terms. This Court held, therefore, that to construe the statute, as Plaintiffs do, to give a certain species of claimants unlimited time to bring a contribution action would frustrate CERCLA's legislative purpose. Consequently, this Court endeavored to interpret the CERCLA statute in a manner consistent with its overriding purpose in order to avoid such an absurd result. *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 575, 102 S.Ct. 3245, 3251, 73 L.Ed.2d 973 (1982) (holding interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available). Referring to federal common law for guidance in deriving an operable statute of limitations for actions such as Plaintiffs', *see Baker v. Bd. of Regents, Kansas,* 991 F.2d 628, 632 (10th Cir.1993), this Court held that the statute of limitations for Plaintiffs' contribution action would accrue once they had paid more than their fair share of the common liability. *See Sea Land Service, Inc. v. United States,* 874 F.2d 169, 171 (3rd Cir.1989).

Plaintiffs assert that it is unfair and inconsistent with CERCLA's statutory scheme to trigger a three-year statute of limitations against a party who has incurred response costs "prior to a fixed determination of liability." (Plaint.Br.Mot.Recon. at 6.) This Court does not agree. Parties who have incurred response costs pursuant to an EPA unilateral administrative order have ample notice that they must seek contribution from other PRPs. Under the accrual rule devised by this Court, such parties have *more than* three years from the issuance of the order to file their contribution action—that is, three years in addition to the time it takes to

**174**

expend more than their fair share.[2] Nor is it inconsistent with the operation of CERCLA to trigger the statute of limitations before liability is "fixed." CERCLA, as amended by the Superfund Amendment and Reauthorization Act of 1986 ("SARA"), 100 Stat. 1613 (1986), fully anticipates that the total extent of liability may not be known at the time of litigation and therefore provides mechanisms such as declaratory relief, *see* § 113(g)(2)(B), to establish liability for costs to be incurred in the future. *See Kelley v. E.I. DuPont De Nemours and Co.*, 17 F.3d 836, 844–45 (6th Cir.1994).[3]

For the reasons explained herein, Plaintiffs' motion for reconsideration is DENIED.

IT IS SO ORDERED.

---

**2.** Incidentally, this is *more* time than that allotted to claimants who bring contribution actions after one of the triggering events enumerated in § 113(g)(3). *Cf. Ekotek Site PRP Committee v. Self*, 881 F.Supp. 1516, 1524 (1995) (opining that claimants whose liability has been fixed by settlement as provided in § 113(g)(3) "may be required to bring any claim for contribution sooner than persons whose liability has not been so fixed").

**3.** Further, as Defendants point out, even those events listed in § 113(g)(3), which trigger the running of a three-year statute of limitations, do not entirely "fix" liability. For instance, the entry of a consent decree, which is listed as a triggering event in § 113(g)(3), does not establish the liability of the settlor. *See* 42 U.S.C. § 9622(d)(1)(B), (C).