**DETREX CORPORATION, a Michigan Corporation, Plaintiff–Appellant,**

v.

**ASHLAND CHEMICAL COMPANY, a Kentucky Corporation, et al., Defendants–Appellees.**

No. 02–1806.

United States Court of Appeals, Sixth Circuit.

Dec. 22, 2003.

Michael V. Sucaet, Vestevich, Mallender, DuBois & Dritsas, Bloomfield Hills, MI, for Plaintiff–Appellant.

James E. Sukkar, Harvey & Kruse, Troy, MI, Barry A. Steinway, Thav, Gross, Steinway & Bennett, Bingham Farms, MI, Peter M. Kellett, Feeney, Kellett, Wienner & Bush, Bloomfield Hills, MI, Philip A. Grashoff, Jr., Mark M. Davis, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, Mark D. Shepard, Babst, Calland, Clements & Zomnir, Pittsburgh, PA, Glenn R. Matecun, Warren, MI, Keven Drummond Eiber, Brouse & McDowell, Cleveland, OH, Daniel G. Kielczewski, Abbott, Nicholson, Quilter, Esshaki & Youngblood, Detroit, MI, for Defendants–Appellees.

Before MERRITT, DAUGHTREY, and GIBBONS, Circuit Judges.

PER CURIAM.

The plaintiff, Detrex Corporation, appeals the district court's order dismissing its action for contribution against 13 defendants that Detrex claims should share the costs assessed against it in an earlier consent decree entered under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601–9675 (CERCLA). The district court held that the contribution action was barred by

the applicable statute of limitations, which, under § 9613(g)(3)(B), provides that "[n]o action for contribution for any response costs or damages may be commenced more that 3 years after … entry of a judicially approved settlement with respect to such costs or damages."

The consent decree was signed by Detrex, approved by the district court, and entered on November 22, 1996. This action, filed on March 27, 2001, was not commenced for almost five years after entry of the "judicially approved settlement" specified as the trigger in § 9613(g)(3)(B).

Although a signatory to the 1996 decree, Detrex did not make required payments to the EPA until subsequent state court litigation initiated by its co-signatories compelled it to do so. Only then did Detrex file this action seeking contribution from third parties not involved in the 1996 settlement. When those parties, defendants here, moved to dismiss on the basis of the three-year statutory limit, Detrex made a convoluted argument based on "federal common law" that its action for contribution was timely because the three-year period did not begin to run until judgment was entered in the state court litigation. The district court rejected this argument, as do we.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint as barred by the applicable statute of limitations. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. The only additional observation that we find pertinent was raised during oral argument before this court— that the contours of the plaintiff's right to seek contribution were set out in detail in paragraphs 17–20 of the 1996 decree and that nothing in those provisions can be interpreted as freeing Detrex from the limitations in § 9613(g)(3)(B). Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion dated May 23, 2002.