**RSR CORPORATION, Plaintiff,**

v.

**COMMERCIAL METALS, INC., Defendant.**

No. 3:03cv013.

United States District Court, S.D. Ohio, Western Division.

April 27, 2006.

Dianne Frances Marx, Thompson, Hine & Flory, Dayton, OH, for Plaintiff.

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION TO DISMISS (DOC. # 5), TREATED AS A MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

RICE, District Judge.

Plaintiff RSR Corporation ("Plaintiff" or "RSR") brings this litigation against De-

fendant Commercial Metals, Inc. ("Defendant" or "Commercial Metals"), in order to recover a portion of the expenses that it has incurred along with other potentially responsible parties to clean up the Arcanum Iron & Metal Superfund Site ("AIM Site").[1] In its Complaint (Doc. # 1), Plaintiff sets forth a claim for contribution under § 113(f)(1) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f)(1), seeking to recover Commercial Metals' equitable share of the expenses incurred to clean up the AIM Site. Plaintiff has also set forth a claim requesting a declaratory judgment, indicating that Commercial Metals is responsible for a portion of such costs which may be incurred in the future. This case is now before the Court on the Defendant's Motion to Dismiss (Doc. # 5), with which it argues that the Court must dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, given that its claim for contribution is barred by the applicable statute of limitations and that declaratory relief is not available in an action for contribution under CERCLA.[2] As a means of analysis, the Court will initially rule upon the Defendant's request to dismiss Plaintiff's claim for contribution, following which it will turn to the parties' arguments concerning the request for declaratory relief.

## I. Contribution

The Defendant argues that the Court must dismiss Plaintiff's claim for contribution, because it is barred by the applicable statute of limitations. The statutes of limitations governing actions under CERCLA are contained in § 113(g) of that statute, which provides in pertinent part:

> (2) *Actions for recovery of costs.* An initial action for recovery of the costs referred to in section 9607 of this title must be commenced—
>
> (A) for a removal action, within 3 years after completion of the removal action, except that such cost recovery action must be brought within 6 years after a determination to grant a waiver under section 9604(c)(1)(C) of this title for continued response action; and
>
> (B) for a remedial action, within 6 years after initiation of physical on-site construction of the remedial action, except that, if the remedial action is initiated within 3 years after the completion of the removal action, costs incurred in the removal action may be recovered in the cost recovery action brought under this subparagraph.

In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages. A subsequent action or actions under section 9607 of this title for further response costs at the vessel or facility may be maintained at any time dur-

1. When this litigation was initiated, it was assigned to the docket of Judge Thomas M. Rose. However, that judicial officer assigned it to the docket of the undersigned, when he granted the parties' joint motion to consolidate it with *United States v. Harold Shane*, Case No. 3:89cv383 (*"Shane"* or "Case No. 3:89cv383"). *See* Doc. # 8. This judicial officer maintained this litigation on its docket, however, when that order of consolidation was vacated. *See* Doc. # 678 in Case No. 3:89cv383.

2. The Plaintiff filed a supplemental memorandum opposing Defendant's motion, after this litigation had been consolidated with *Shane*. *See* Doc. # 677 in Case No. 3:03cv383. This Court has considered that memorandum when ruling on the Defendant's motion discussed herein.

ing the response action, but must be commenced no later than 3 years after the date of completion of all response action. Except as otherwise provided in this paragraph, an action may be commenced under section 9607 of this title for recovery of costs at any time after such costs have been incurred.

*(3) Contribution.* No action for contribution for any response costs or damages may be commenced more than 3 years after—

(A) the date of judgment in any action under this chapter for recovery of such costs or damages, or

(B) the date of an administrative order under section 9622(g) of this title (relating to de minimis settlements) or 9622(h) of this title (relating to cost recovery settlements) or entry of a judicially approved settlement with respect to such costs or damages.

42 U.S.C. § 9613(g).

According to Commercial Metals, the three-year statute of limitations set forth in § 113(g)(3), 42 U.S.C. § 9613(g)(3), applies to Plaintiff's claim for contribution. As can be seen, three events cause that statute of limitations to begin to run, to wit: the date of the entry of a judgment for the recovery of response costs or damages, the date of the entry of an adminis-

trative under § 122(g) or (h) of CERCLA, 42 U.S.C. § 9622(g) or (h), or the date of a judicially approved settlement pertaining to recovery of same. Herein, Commercial Metals argues that the running of that statute of limitations was triggered on April 12, 1999, when this Court approved a Consent Decree between the United States, on one hand, and three potentially responsible parties, including RSR, on the other.[3]  *See* Doc. # 436 in Case No. 3:89cv383. Given that this litigation was not initiated until January 16, 2003, Defendant's argument continues, Plaintiff brought it more than three years after the event that triggered the running of the statute of limitations, and it is barred by that statute. Plaintiff presents a number of arguments in support of its premise that the Defendant has relied upon the wrong statute of limitations, and, in support thereof, has supplied the declaration of Matthew Nasuti ("Nasuti") and an affidavit from J. Wray Blattner ("Blattner"). In his declaration, Nasuti reviews some of the procedural history of *Shane.* Nasuti also describes the Consent Decree that RSR and other potentially responsible parties entered into, the selection of a contractor for the AIM Site and the fact that RSR's share of the cost to remediate that hazardous waste site has exceeded $1,500,000. In addition, he explains that,

---

**3.** Commercial Metals has not furnished a copy of that Consent Decree with its motion. Nevertheless, the Sixth Circuit has repeatedly held that a court may take judicial notice of its own records. *Harrington v. Vandalia–Butler Bd. of Ed.,* 649 F.2d 434, 441 (6th Cir. 1981); *United States v. Doss,* 563 F.2d 265, 269 n. 2 (6th Cir.1977); *United States v. Rigdon,* 459 F.2d 379, 380 (6th Cir.1972), *cert. denied,* 409 U.S. 1116, 93 S.Ct. 917, 34 L.Ed.2d 700 (1973). Indeed, in *New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003), the Sixth Circuit held that it was proper to take judicial notice of a document filed in one lawsuit, when ruling on a motion to

dismiss under Rule 12(b)(6) in another, without converting the motion into one for summary judgment. Therein, the Sixth Circuit affirmed the decision of the District Court to dismiss that securities fraud litigation, as barred by the applicable statute of limitations, since the plaintiff's complaint in an earlier lawsuit arising out of the same alleged fraud established that it had discovered certain facts early enough that the statute of limitations had run. However, for reasons set forth below, this Court does indeed convert the Defendant's motion herein into one for summary judgment, in addition to taking judicial notice of the Consent Decree filed in *Shane.*

although it had been known for some time that Commercial Metals had disposed of some lead batteries at the AIM Site, a "recent investigation" had revealed that it had been operating a plant in Dayton for perhaps as long as a decade and that, therefore, its liability for the AIM Site could exceed $100,000. In his affidavit, Blattner reviews the expenditures incurred by the AIM Site Group to clean up that site. The last such expenditure was made on March 1, 2001, less than two years before this litigation was initiated.

Rule 12(b) provides that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Herein, since the Court will not exclude either Nasuti's declaration or Blattner's affidavit, it will convert the Defendant's motion into one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Accordingly, the Court will initially set forth the standards it must apply whenever it rules upon such a motion.

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Of course, the moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323, 106 S.Ct. 2548. *See also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991) (The moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial.") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir.1987)). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)). Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1245 (6th Cir.1995). Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment by demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed.R.Civ.P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir.1989).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). *See also Michigan Protection and Advocacy Service, Inc. v. Babin*, 18 F.3d 337, 341

(6th Cir.1994) ("The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff."). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment shall be denied "[i]f there are ... 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.' " *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir.1992) (citation omitted). Of course, in determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all *reasonable* inferences in the favor of that party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505 (emphasis added). If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the factfinder. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2726. In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir.

1989), *cert. denied*, 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). *See also L.S. Heath & Son, Inc. v. AT & T Information Systems, Inc.*, 9 F.3d 561 (7th Cir.1993); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment...."). Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

As is indicated, Defendant argues that the Plaintiff's claims are barred by the three-year statute of limitations contained in § 113(g)(3)(B) of CERCLA, 42 U.S.C. § 9613(g)(3)(B), which was triggered on April 12, 1999, when this Court approved the Consent Decree between the United States and three potentially responsible parties, including RSR. Plaintiff, on the other hand, contends that either the three-year statute of limitations contained in § 113(g)(2)(A) of CERCLA or the six-year limitations period set forth in § 113(g)(2)(B) of that statute applies. *See* 42 U.S.C. § 9613(g)(2)(A) and (B).

As an initial matter, this Court rejects Plaintiff's assertion that § 113(g)(2)(A) can be utilized in this litigation. Rather, if one of the paragraphs of § 113(g)(2) is to be used herein, it must be paragraph (B). Paragraph (A) supplies the statute of limitations to be utilized with removal actions, while the statute set forth in paragraph (B) is applicable to remedial actions. In *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 444 (6th Cir.2004), *cert. denied*, 546 U.S.

935, 126 S.Ct. 420, 163 L.Ed.2d 320 (2005), the Sixth Circuit noted that, unlike a removal action, a remedial action is consistent with the permanent remedy for a hazardous waste site. Herein, RSR and the other members of the AIM Site Group have completed the final remedy for the AIM Site. Indeed, as a result of the completion of that remedy, that site has been removed from the National Priorities List. *See* 66 F.R. 34849 (2001). Therefore, the Plaintiff is seeking to recover contribution following remedial action, and paragraph (B) must be applied, if § 113(g)(2) is to be utilized at all. Consequently, this Court must decide whether, as Plaintiff argues, this litigation is governed by the six-year statute of limitations contained in § 113(g)(2)(B), which began to run when on-site construction of the remedial action commenced, or, as Defendant contends, the three-year statute of limitations set forth in § 113(g)(3), which according to Commercial Metals began to run on April 12, 1999, when the Court entered the Consent Decree in *Shane*. For reasons which follow, this Court concludes that § 113(g)(3) is applicable and that it began

to run on April 12, 1999, more than three years before this litigation was initiated. Therefore, Plaintiff's claim for contribution is barred by the statute of limitations.

RSR brings this litigation in order to recover contribution from Commercial Metals. The introductory language of § 113(g)(3), to wit: "[i]n an action for contribution ...," seems to indicate that it is the applicable statute of limitations in contribution actions. It bears emphasis that, "if the words of the statute are unambiguous, the judicial inquiry is at an end, and the plain meaning of the text must be enforced." *United States v. Plavcak*, 411 F.3d 655, 661 (6th Cir.2005) (internal quotation marks and citation omitted). Therefore, the statute of limitations contained in § 113(g)(2)(B) would seemingly be inapplicable in this litigation. Indeed, the express language of § 113(g)(3) unambiguously provides that an action for contribution under CERCLA cannot be initiated more than three years after the date of the entry of the a judicially approved settlement with respect to response costs or damages.[4] It is not questioned that, on

4. The concluding language set forth in paragraph (B) of § 113(g)(3), the paragraph which is applicable to contribution actions following judicially approved settlement, provides that "with respect to such costs ...." means response costs. Focusing on that language, the Plaintiff argues that the statute of limitations for its claim for contribution cannot have run, since it did not incur its final cleanup costs until March, 2001, less than two years before this litigation was initiated. As the Plaintiff points out, the Consent Decree entered in *Shane* does not set forth the precise number of dollars that would be required as its share of the joint responsibility to clean up the AIM Site. According to RSR, the statute of limitations would not begin to run until the final dollar amount of its liability had been fixed. This Court does not accept that argument. No part of that statute of limitations provides that a judicially approved settlement is not a judicially approved settlement, until the dollar amount that a settling party will incur as a

result has been quantified. On the contrary, the phrase "with respect to" means with reference or regard to something. Definition 7b of "respect" in the Oxford English Dictionary (2d Ed.1989). The settlement between RSR and the United States, which this Court approved, was with reference or regard to response costs, since that settlement required RSR and two other potentially responsible parties to carry out remedial action at the AIM Site. *See* 42 U.S.C. § 9601(25) (defining "response" to include "remedial action"). Moreover, the statute of limitations upon which Plaintiff relies, § 113(g)(2)(B), provides that an action must be initiated within six years of the on-site construction of the remedial action. It is eminently possible that final costs will not be fixed in that six-year period. Indeed, a pump and treat remedy is not unprecedented in instances where hazardous substances have leached into an underlying aquifer. *See e.g., Boeing Co. v. Cascade Corp.,*

April 12, 1999, this Court approved the settlement between the United States, on one hand, and a number of potentially responsible parties, including RSR, on the other.[5] *See* Doc. # 436 in Case No. 3:89cv383. Nevertheless, Plaintiff relies on a number of decisions, none of which addressed the question of whether a statute of limitations other than that set forth in § 113(g)(3) should apply to a contribution action following the entry of a judicially approved settlement between the plaintiff in the contribution action and the United States Environmental Protection Agency, to argue that this Court should apply another statute of limitations, rather than the unambiguous language of § 113(g)(3).

Plaintiff points out that courts have held that it is proper to apply the statute of limitations set forth in § 113(g)(2) in contribution actions under certain circumstances. The Sixth Circuit did so in *GenCorp, supra.* Therein, GenCorp brought a declaratory judgment action against Olin, seeking a declaration that it (GenCorp) was not responsible for any portion of the sum Olin had incurred to clean up a hazardous waste site in Ashtabula County, Ohio, and Olin filed a counterclaim for contribution.[6] Among other issues, the Sixth Circuit addressed the question of the appropriate statute of limitations to apply in a contribution action. The Sixth Circuit concluded that the applicable such statute was one of those set forth in § 113(g)(2), since Olin had incurred costs to clean up the site as a result of an administrative order issued in accordance with § 106 of CERCLA, rather than pursuant to a judgment, an administrative order issued under § 122(g) or (h) of CERCLA or a court approved settlement. 390 F.3d at 443.[7] Similarly, in the decisions relied upon by Plaintiff, *Ekotek Site PRP Comm. v. Self,* 881 F.Supp. 1516 (D.Utah 1995), and *Sun Co., Inc. v. Browning–Ferris, Inc.,* 124 F.3d 1187 (10th Cir.1997), *cert. denied,* 522 U.S. 1113, 118 S.Ct. 1045, 140 L.Ed.2d 110 (1998),[8] the courts applied a statute of

207 F.3d 1177 (9th Cir.2000); *New Mexico v. General Electric Co.,* 335 F.Supp.2d 1266 (D.N.M.2004); *AlliedSignal, Inc. v. Amcast International Corp.,* 177 F.Supp.2d 713 (S.D.Ohio 2001). Such a remedy could last in perpetuity. Therefore, the Court rejects the Plaintiff's assertion that the statute of limitations did not begin to run until March, 2001, when it incurred its final cleanup costs for the AIM Site.

5. A hallmark of a judicially approved settlement is notice to the public and the opportunity to comment. *See* 42 U.S.C. § 9622(d)(2) (requiring that a proposed consent decree be lodged with the court at least 30 days before judicial approval is given to that settlement and that those who are not parties to it be given the opportunity to comment). The Consent Decree by which RSR and others agreed to clean up the AIM Site was lodged with this Court more than seven months before this Court approved that settlement. *See* Doc. # 396 in Case No. 3:89cv383. Moreover, the United States published notice of the proposed settlement in the Federal Register more than seven months before it was approved. *See* 63 F.R. 48761 (1998).

6. The United States Environmental Protection Agency had unilaterally issued an order under § 106 of CERCLA, 42 U.S.C. § 9606, directing Olin to clean up that site

7. In *GenCorp*, the Sixth Circuit applied the six-year statute of limitations set forth in § 113(g)(2)(B), rather than its three-year counterpart contained in § 113(g)(2)(A), since the former provision applies to remedial actions and Olin was taking such action, given that it was constructing the permanent remedy for the hazardous waste site in question. *See* 390 F.3d at 444–45.

8. Plaintiff cites both the District Court and Tenth Circuit opinions in *Sun Co. See Sun Co., Inc. v. Browning–Ferris, Inc.,* 926 F.Supp. 170 (N.D.Okla.1996), *affirmed in part and reversed in part,* 124 F.3d 1187 (10th Cir.1997), *cert. denied,* 522 U.S. 1113, 118 S.Ct. 1045, 140 L.Ed.2d 110 (1998). Since the Tenth Circuit reversed the District Court's holding that the

limitations set forth in § 113(g)(*2*) in a contribution action, because one of the triggering events set forth in § 113(g)(*3*) had not occurred, given that the party seeking contribution had acted in accordance with an order entered by the U.S. EPA under § 106 of CERCLA, rather than under § 122(g) or (h).[9] In neither of those decisions, however, had a judicially approved settlement been entered. As is indicated above, on April 12, 1999, this Court approved the settlement between the United States, on one hand, and RSR and others, on the other. *See* Doc. # 436 in Case No. 3:89cv383. Therefore, unlike *Ekotek* and *Sun Co.*, one of the triggering events contained in § 113(g)(*3*) has occurred, to wit: entry of the judicially approved settlement concerning the AIM Site. Indeed, those decisions addressed the question of what statute of limitations is applicable to a contribution action when, unlike this litigation, *none* of the triggering events set forth in § 113(g)(*3*) has occurred. Therein, the courts applied a limitations period contained in § 113(g)(2),

rather than holding that no statute of limitations was applicable. Herein, in contrast, RSR relies upon those decisions to argue that this Court should ignore the unambiguous language of § 113(g)(*3*), even though one of the triggering events set forth therein has occurred, and apply a statute of limitations which would allow it to pursue its otherwise barred claim for contribution. Given that those decisions did not address the issue raised herein, they do not cause this Court to conclude that the statute of limitations set forth in § 113(g)(*3*) is inapplicable.

Moreover, in *Detrex Corporation v. Ashland Chemical Co.*, 2002 WL 32351496 (E.D.Mich.2002), *affirmed,* 85 Fed.Appx. 462 (6th Cir.2003), the District Court concluded that the claims for contribution brought by Detrex were barred by the statute of limitations set forth in § 113(g)(3), because that litigation had been brought more than three years after judicial approval of its settlement with the United States Environmental Protection Agency.[10] In reaching that conclusion, the

plaintiffs' contribution claims were barred by the applicable statute of limitations, this Court does not address the District Court's opinion further.

9. Plaintiff has also cited *United States v. Scott's Liquid Gold*, 934 F.Supp. 362 (D.Colo. 1996), a contribution action brought by the United States. Therein, the defendant moved for summary judgment, arguing that the Government's claim was barred by the three-year statute of limitations contained in § 113(g)(3) of CERCLA, which had begun to run with the execution of a cooperative agreement between the Army, the United States Environmental Protection Agency and a county water and sewage district, under which the Army agreed to construct the remedy for the hazardous waste site in question. The District Court rejected the defendant's argument that the cooperative agreement was the equivalent of a judicially approved settlement. That decision is distinguishable from the present litigation, since it cannot be questioned that there has been a *judicially approved settlement, giv-*

en that this Court has approved a settlement between the United States Environmental Protection Agency and RSR.

10. That lawsuit arose under unusual circumstances, to say the least. Detrex and a number of other potentially responsible parties entered into a settlement agreement with the United States Environmental Protection Agency, under which they agreed to pay for the remediation of two hazardous waste sites. That settlement was adopted as a consent decree upon receiving judicial approval. Detrex, however, believed it was being required to pay too great a share of the joint liability by the consent decree and resolved not to make the payments required of it thereunder, even though it had signed the decree, thereby agreeing to make the payments. The other parties to that judicially approved settlement then brought a breach of contract action against Detrex in state court, recovering approximately three quarters of a million dollars, plus interest. After it had lost the state

District Court rejected the plaintiff's assertion that the Court should follow *Ekotek* and decline to apply § 113(g)(3), because, unlike *Ekotek*, a judicially approved settlement had preceded that lawsuit.[11] This Court agrees with that distinction between *Ekotek*, on one hand, and *Detrex* and similar cases, on the other.

Plaintiff also argues that the six-year limitations period set forth in § 113(g)(2)(B) is applicable, because this is its first action against Commercial Metals. As is noted above, § 113(g)(2) sets forth the limitations periods for an *initial* action for the recovery of the costs referred to in § 107 of CERCLA. In support of this argument, Plaintiff relies upon *Sun Co., supra*, and *United States v. Navistar Int. Transportation Corp.*, 152 F.3d 702 (7th Cir.1998). Neither of those decisions causes this Court to conclude that it must apply that statute of limitations.

In *Sun Co.*, the Tenth Circuit addressed the question of what statute of limitations to apply in a contribution action when none of the triggering events set forth in § 113(g)(3) had occurred. The plaintiffs therein had performed the remedial action at the hazardous waste site in question, as a result of being unilaterally directed to do so by the United States Environmental Protection Agency in accordance with an administrative order issued under § 106 of CERCLA, 42 U.S.C. § 9606. The Tenth Circuit held that, when a contribution action was the initial action for the recovery of costs referred to in § 107 of CERCLA,

it was appropriate to apply the six-year statute of limitations set forth in § 113(g)(2)(B), because "[a] contribution claim which is the 'initial action,' and thus governed by the six-year limitations period of § 113(g)(2), will not be commenced more than three years after any of the four enumerated triggering events [set forth in § 113(g)(3) ], because none of those triggering events will ever occur." 124 F.3d at 1193. The Tenth Circuit also explained that "[b]y contrast, if a contribution action is *not* the initial action, then by definition a previous action will have been filed, and one of the four triggering events in § 113(g)(3) will occur." *Id.* (emphasis in the original). As can be seen, rather than supporting the Plaintiff's contention that this Court must apply the six-year limitations period contained in § 113(g)(2)(B), *Sun Co.* supports this Court's conclusion that the statute of limitations set forth in § 113(g)(3) *is* applicable. Although this is the first lawsuit in federal court against Commercial Metals arising out of the AIM Site,[12] *Shane*, which involved the Government's efforts to recover costs referenced in § 107 of CERCLA, 42 U.S.C. § 9607, as well as the efforts of RSR and others to recover contribution from a number of potentially responsible parties, was pending for many years before the initiation of this lawsuit. Moreover, during the course of *Shane*, an event which triggered the running of the statute of limitations contained in § 113(g)(3) occurred, when on April 12, 1999, this Court approved the settlement,

court breach of contract action, *Detrex* initiated the CERCLA contribution lawsuit, alleging that it had been required to pay more than its equitable share of the cost of the clean up of the two sites.

**11.** That issue was not raised on appeal before the Sixth Circuit.

**12.** Plaintiff did, however, initiate an earlier action against Defendant in state court.

Since this Court otherwise rejects Plaintiff's assertion that the six-year statute of limitations set forth § 113(g)(2)(B) must be applied, it is not necessary to explore the Defendant's argument that the existence of the earlier state court litigation means that this is not the "initial action for recovery of costs referenced in section 9607 of this title" and that, therefore, said statute of limitations is inapplicable.

under which RSR and other agreed with the United States to clean up the AIM Site. *See* Doc. # 436 in Case No. 3:89cv383.

In *Navistar*, the Seventh circuit discussed the distinction between an "initial action" and a "subsequent action," as those terms are used in § 113(g)(2). The introductory clause of that statutory provision reads "[a]n initial action for recovery of the costs . . . " Its concluding sentence provides that "[a] subsequent action or actions under section 9607 of this title [§ 106 of CERCLA] for further response costs at the vessel or facility may be maintained at any time during the response action, but must be commenced no later than 3 years after the date of completion of all response action." In that litigation, the Indiana and federal governments brought separate lawsuits, under § 107 of CERCLA, 42 U.S.C. § 9607, to recover from Navistar the costs they had incurred in connection with the remediation of a landfill located in the Ft. Wayne area. After those cases had been consolidated, Navistar moved to dismiss, arguing that the consolidated cases were barred by the applicable statute of limitations. Although the District Court denied that motion, it certified the matter for an interlocutory appeal, and the Seventh Circuit reversed, concluding, as an initial matter, that the six-year statute of limitations set forth in § 113(g)(2)(B) applied, since the consolidated cases were actions to recover costs incurred in connection with remedial action at the landfill. The Seventh Circuit also concluded that, since the physical on-site construction of the remedial action had been initiated more than six years before those cases had been filed, they were barred by the statute of limitations. In addition, of particular present importance, the Seventh Circuit rejected the plaintiffs' argument that the suits were timely "subsequent actions," given that they had previously filed suit against *other* potentially responsible parties. The Seventh Circuit held that the phrase "subsequent action" applied only when the first lawsuit had been filed against the same defendant. 152 F.3d at 710. Quite simply, since the Seventh Circuit was not even discussing the question of the applicable statute of limitations in an action for contribution under CERCLA,[13] that court's decision in *Navistar* does not convince this Court that a statute of limitations set forth in § 113(g)(*2* ) must be applied in any action seeking contribution under CERCLA, as long as it is the first action against a particular defendant, notwithstanding the fact that § 113(g)(*3* ) unambiguously provides the statute of limitations for contribution actions.[14]

In sum, the unambiguous language of § 113(g)(3) causes this Court to conclude that the three-year statute of limitations set forth therein must be applied in this litigation. Moreover, none of the Plaintiff's arguments has convinced this Court that it should stray from that unambiguous language. Simply stated, merely because courts have applied § 113(g)(2) in contribution actions where none of the triggering events set forth in § 113(g)(3) has occurred, thus avoiding the complete absence of a statute of limitations in such a contri-

13. It bears emphasis that *Navistar* involved two consolidated cost recovery actions initiated by units of government under § 107 of CERCLA, 42 U.S.C. § 9607.

14. The Plaintiff does not address the question of which statute of limitations would be utilized in a contribution action which was not the initial action against a particular defen-

dant. Would such a lawsuit be a "subsequent action" under § 113(g)(*2* ), thus allowing § 113(g)(*3* ) to be consistently ignored in contribution actions, or does Plaintiff suggest that under that circumstance it would be permissible to utilize the statute of limitations Congress provided for contribution actions?

bution action, does not mean that the former can be applied when one of those triggering events has indeed occurred. Since the three-year limitations period began to run on April 12, 1999, when the undersigned approved the Consent Decree in *Shane* and, further, given that this litigation was initiated more than three years thereafter, this Court reaches the inescapable conclusion that Plaintiff's claim for contribution is barred by the statute of limitations.

## II. Declaratory Judgment

Defendant argues that this Court must dismiss Plaintiff's request for a declaratory judgment, because CERCLA does not provide for such relief in a contribution suit, although declaratory relief is mandatory in a cost recovery action. *Compare* 42 U.S.C. § 9613(g)(2) and (3). However, the First and Ninth Circuits have held that a District Court can enter a declaratory judgment concerning future remediation costs in a contribution action under CERCLA. *United States v. Davis*, 261 F.3d 1, 46–47 (1st Cir.2001); *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th Cir.2000). For instance, in *Boeing*, the Ninth Circuit noted that no provision of CERCLA prohibits declaratory relief in a contribution action. *Id.* The Ninth Circuit also held that the use of the phrase "shall enter a declaratory judgment on liability" in § 113(g)(2), 42 U.S.C. § 9613(g)(2), which pertains to cost recovery actions, does not imply that such relief is not available in a contribution action such as brought herein.

Accordingly, the Court rejects the Defendant's premise that Plaintiff's claim for a declaratory judgment must be dismissed, because such relief is unavailable in a contribution action. That claim, nevertheless, will be dismissed in this litigation. Courts, including the Sixth Circuit, have uniformly held that a request for declaratory relief is barred by the statute of limitations if the underlying legal claim is similarly barred. *Algrant v. Evergreen Valley Nurseries Limited Partnership*, 126 F.3d 178, 181 (3d Cir.1997); *International Ass'n of Machinists & Aerospace Workers v. Tennessee Valley Auth.*, 108 F.3d 658, 668 (6th Cir.1997); *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688–89 (9th Cir. 1993); *Victor Foods, Inc. v. Crossroads Economic Development*, 977 F.2d 1224, 1227 (8th Cir.1992); *Gilbert v. City of Cambridge*, 932 F.2d 51, 57–58 (1st Cir. 1991); *Clulow v. Oklahoma*, 700 F.2d 1291, 1302 (10th Cir.1983). Herein, this Court has concluded that the applicable statute of limitations bars Plaintiff's underlying legal claim, its claim for contribution; therefore, its claim for a declaratory judgment is also barred by the statute of limitations.

Based upon the foregoing, the Court concludes that the claims set forth Plaintiff's Complaint (Doc. # 1) are barred by the applicable statute of limitations, § 113(g)(3) of CERCLA, 42 U.S.C. § 9613(g)(3). Accordingly, the Court sustains Defendant's Motion to Dismiss (Doc. # 5), which has been treated as a motion for summary judgment. Judgment is to be entered in favor of Defendant and against Plaintiff, dismissing this litigation with prejudice.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.